# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE PEREZ, | CASE NO. 1:06-cv-00610-AWI-SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Jesse Perez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 4, 2006, in the Northern District of California. The action was transferred to this court on April 24, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B. Plaintiff's Claims

    1. Due Process Claims

Plaintiff's claims in this action arise from his validation as a Mexican Mafia gang associate and the assessment against him of an indeterminate Security Housing Unit term. Plaintiff names former California Department of Corrections and Rehabilitation Director Jeanne Woodford, Chief Deputy Warden D. L. Winett, Associate Warden M. K. Witcher, V. McLaughlin, K. Valencia, Brian Parry, Jimi De La Torre, James Moreno, C. Fortson, and R. Parrilla as defendants. Plaintiff is seeking both monetary and equitable relief, and alleges that his due process rights were violated by defendants.

///

1  The Due Process Clause protects against the deprivation of liberty without due process of
2 law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due
3 Process Clause, a plaintiff must first establish the existence of a liberty interest for which the
4 protection is sought. Liberty interests may arise from the Due Process Clause itself or from state
5 law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause
6 itself does not confer on plaintiff a liberty interest in avoiding "more adverse conditions of
7 confinement." Wilkinson, 545 U.S. at 221, 125 S.Ct. at 2393 (citing Meachum v. Fano, 427 U.S.
8 215, 225, 96 S.Ct. 2532 (1976)). Under state law, the existence of a liberty interest created by prison
9 regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S.
10 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical
11 and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

12  The assignment of validated gang members and associates to the SHU is an administrative
13 measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion."
14 Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096,
15 1098 (9th Cir. 1997)). As such, prisoners are entitled to the minimal procedural protections set forth
16 in Toussaint, namely adequate notice, an opportunity to be heard, and periodic review. Bruce, 351
17 F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986)). In addition
18 to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing
19 Superintendent v. Hill, 472 U.S. 445, 454 (1985)).

20  Plaintiff was transferred to Administrative Segregation by defendant Parrilla on March 13,
21 2003, pending an investigation into plaintiff's gang status. On April 15, 2003, plaintiff was validated
22 as a Mexican Mafia gang associate by defendants Parry, De La Torre, and Moreno. On September
23 10, 2003, an indeterminate Security Housing Unit term was assessed against plaintiff by defendants
24 Witcher, Winett, McLaughlin, and Valencia, based on plaintiff's validation as a gang associate.

25  As previously stated, in order to pursue a claim for relief against defendants for denial of
26 procedural due process, plaintiff must establish the existence of a liberty interest entitling him to
27 procedural due process protections. In this instance, plaintiff has not alleged any facts demonstrating
28 that he was deprived of a protected liberty interest. May v. Baldwin, 109 F.3d 557, 565 (9th Cir.

3

1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Without alleging sufficient facts to establish the existence of a liberty interest entitling him to procedural due process protections, plaintiff may not pursue any claims for relief for violation of the Due Process Clause. The court will provide plaintiff with the opportunity to file an amended complaint curing this deficiency.

In amending his complaint, plaintiff is advised that he must allege facts sufficient to support a claim that he was deprived of a protected liberty interest without the procedural protections he is due under federal law, as set forth in Toussaint. Plaintiff is notified that the provision for certain procedural protections under state law, e.g., Title 15 regulations, does not work to enlarge the protections plaintiff is due under federal law. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). In order to pursue a claim for relief pursuant to section 1983, the procedural protections plaintiff was allegedly not provided with must be protections plaintiff was entitled to under federal law.

Finally, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Claims Arising From Supervisory Liability

Plaintiff names certain defendants who held supervisory positions. Plaintiff is advised that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

///

362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   December 12, 2006**             /s/ Sandra M. Snyder
icido3                                                          UNITED STATES MAGISTRATE JUDGE