# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JESSE PEREZ,                          CASE NO. 1:06-cv-00610-AWI-SMS PC

                    Plaintiff,        ORDER REQUIRING PLAINTIFF TO EITHER
                                      FILE SECOND AMENDED COMPLAINT OR
                                      NOTIFY COURT OF WILLINGNESS TO
          v.                          PROCEED ONLY ON COGNIZABLE DUE
                                      PROCESS AND RETALIATION CLAIMS,
JEANNE WOODFORD, et al.,              WITHIN THIRTY DAYS

                    Defendants.
                                      (Doc. 18)
_____/

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Jesse Perez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 4, 2006,

in the Northern District of California.  The action was transferred to this court on April 24, 2006.

On December 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure

to state a claim.  Plaintiff filed an amended complaint on February 2, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff's claims in this action arise from his validation as a Mexican Mafia gang associate and the assessment against him of an indeterminate Security Housing Unit term. Plaintiff names Chief Deputy Warden D. L. Winett, Associate Warden M. K. Witcher, Captain T. Meadors, V. McLaughlin, Brian Parry, Jimi De La Torre, James Moreno, C. Fortson, R. Parrilla, and E. Donnolly as defendants. Plaintiff is seeking both monetary and equitable relief, and alleges that his due process rights and equal protection rights were violated by defendants.

///

1          1.     Due Process Claim

2          The Due Process Clause protects against the deprivation of liberty without due process of

3    law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

4    Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

5    protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

6    law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause

7    itself does not confer on plaintiff a liberty interest in avoiding "more adverse conditions of

8    confinement."  Wilkinson, 545 U.S. at 221, 125 S.Ct. at 2393 (citing Meachum v. Fano, 427 U.S.

9    215, 225, 96 S.Ct. 2532 (1976)).  Under state law, the existence of a liberty interest created by prison

10   regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S.

11   472, 481-84 (1995).  Such interests are limited to freedom from restraint which "imposes atypical

12   and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

13         The assignment of validated gang members and associates to the SHU is an administrative

14   measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion."

15   Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096,

16   1098 (9th Cir. 1997)).  As such, prisoners are entitled to the minimal procedural protections set forth

17   in Toussaint, namely adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351

18   F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986)).  In addition

19   to these minimal protections, there must be "some evidence" supporting the decision.  Id. (citing

20   Superintendent v. Hill, 472 U.S. 445, 454 (1985)).

21         As set forth in his amended complaint, plaintiff alleges that he was validated and assessed

22   an indeterminate SHU term without notice and an opportunity to be heard, and without sufficient

23   evidence.  Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

24   against all named defendants based on the deprivation of a protected liberty interest in remaining free

25   from the SHU without due process of law.

26         2.     Equal Protection Claim

27         "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

28   should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

1   Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

2   of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

3   defendants acted with an intent or purpose to discriminate against the plaintiff based upon

4   membership in a protected class.'"  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

5   (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

6   means that a defendant acted at least in part *because of* a plaintiff's protected status."  Serrano v.

7   Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

8   1404 (9th Cir. 1994)) (emphasis in original).

9       Although plaintiff alleges defendants discriminated against him, plaintiff's amended

10  complaint is devoid of facts supporting a claim that in validating him and assessing an indeterminate

11  SHU term, defendants intentionally discriminated against him based on his membership in a

12  protected class.  Plaintiff's amended complaint fails to state a cognizable equal protection claim.

13                          3.    Retaliation

14      Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

15  the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

16  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

17  F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

18  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

19  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

20  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

21  a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

22      Although plaintiff does not specifically plead a retaliation claim, plaintiff's allegations

23  provide more than ample notice that plaintiff is claiming defendants validated him and assessed him

24  an indeterminate SHU term in retaliation against him for the exercise of his First Amendment rights.

25  Therefore, despite plaintiff's failure to specifically plead it, the court finds that the amended

26  complaint contains a cognizable retaliation claim.

27  ///

28  ///

4

C.    <u>Conclusion</u>

The court finds that plaintiff's complaint states cognizable claims for relief against defendants Winett, Witcher, Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and Donnolly for denial of due process and retaliation.  However, the court finds that plaintiff's complaint does not state a cognizable equal protection claim.  The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendants Winett, Witcher, Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and Donnolly  on his cognizable due process and retaliation claims, plaintiff may so notify the court in writing.  The court will then issue Findings and Recommendations recommending that the remaining claim be dismissed from this action, and will forward plaintiff ten summonses and ten USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Winett, Witcher, Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and Donnolly.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Based on the foregoing, it is HEREBY ORDERED that:

2    1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3    2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

4          a.    File a second amended complaint curing the deficiencies identified by the

5                court in this order, or

6          b.    Notify the court in writing that he does not wish to file a second amended

7                complaint and wishes to proceed only against defendants Winett, Witcher,

8                Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and

9                Donnolly  on his cognizable due process and retaliation claims; and

10   3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to

11         obey a court order.

12

13   IT IS SO ORDERED.

14   **Dated:    June 18, 2007**                    **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

6