1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JESSE PEREZ,                              CASE NO. 1:06-cv-00610-AWI-SMS PC

10                    Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF EQUAL
11         v.                                PROTECTION CLAIM

12  JEANNE WOODFORD, et al.,                 (Doc. 18)

13                    Defendants.

14  _____/

15  I.      Findings and Recommendations Following Screening of Amended Complaint

16          A.      Procedural History

17          Plaintiff Jesse Perez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 4, 2006,

19  in the Northern District of California, and it was transferred to this court on April 24, 2006.  On

20  December 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to

21  state a claim.  Plaintiff filed an amended complaint on February 2, 2007.

22          On June 19, 2007, the court issued an order finding that plaintiff's amended complaint states

23  cognizable claims for relief against defendants Winett, Witcher, Meadors, McLaughlin, Parry, De

24  La Torre, Moreno, Fortson, Parrilla, and Donnolly for denial of due process and retaliation, but does

25  not state a cognizable equal protection claim.  Plaintiff was ordered to either file a second amended

26  complaint or notify the court of his willingness to proceed only on the claims found to be cognizable

27  by the court.  On July 16, 2007, plaintiff notified the court that he is willing to proceed only on his

28

1

due process and retaliation claims.  Based on plaintiff's notice, this Findings and Recommendations now issues.

        B.       <u>Screening Requirement</u>

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not

///

1   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

2   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

3          C.      Plaintiff's Claims

4          Plaintiff's claims in this action arise from his validation as a Mexican Mafia gang associate

5   and the assessment against him of an indeterminate Security Housing Unit term.  Plaintiff names

6   Chief Deputy Warden D. L. Winett, Associate Warden M. K. Witcher, Captain T. Meadors, V.

7   McLaughlin, Brian Parry, Jimi De La Torre, James Moreno, C. Fortson, R. Parrilla, and E. Donnolly

8   as defendants.  Plaintiff is seeking both monetary and equitable relief, and alleges that his due

9   process rights and equal protection rights were violated by defendants.

10                 1.      Due Process Claim

11         The Due Process Clause protects against the deprivation of liberty without due process of

12  law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

13  Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

14  protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

15  law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause

16  itself does not confer on plaintiff a liberty interest in avoiding "more adverse conditions of

17  confinement."  Wilkinson, 545 U.S. at 221, 125 S.Ct. at 2393 (citing Meachum v. Fano, 427 U.S.

18  215, 225, 96 S.Ct. 2532 (1976)).  Under state law, the existence of a liberty interest created by prison

19  regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S.

20  472, 481-84 (1995).  Such interests are limited to freedom from restraint which "imposes atypical

21  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

22         The assignment of validated gang members and associates to the SHU is an administrative

23  measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion."

24  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096,

25  1098 (9th Cir. 1997)).  As such, prisoners are entitled to the minimal procedural protections set forth

26  in Toussaint, namely adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351

27  F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986)).  In addition

28  ///

3

to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)).

As set forth in his amended complaint, plaintiff alleges that he was validated and assessed an indeterminate SHU term without notice and an opportunity to be heard, and without sufficient evidence. Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against all named defendants based on the deprivation of a protected liberty interest in remaining free from the SHU without due process of law.

### 2.   Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although plaintiff alleges defendants discriminated against him, plaintiff's amended complaint is devoid of facts supporting a claim that in validating him and assessing an indeterminate SHU term, defendants intentionally discriminated against him based on his membership in a protected class. Plaintiff's amended complaint fails to state a cognizable equal protection claim.

### 3.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

4

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although plaintiff does not specifically plead a retaliation claim, plaintiff's allegations provide more than ample notice that plaintiff is claiming defendants validated him and assessed him an indeterminate SHU term in retaliation against him for the exercise of his First Amendment rights. Therefore, despite plaintiff's failure to specifically plead it, the court finds that the amended complaint contains a cognizable retaliation claim.

D.    Conclusion

Plaintiff's amended complaint states cognizable claims for relief against defendants Winett, Witcher, Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and Donnolly for denial of due process and retaliation. However, plaintiff's amended complaint does not state a cognizable equal protection claim. Plaintiff was provided with the opportunity to file a second amended complaint, but opted to proceed on his cognizable due process and retaliation claim. Based on plaintiff's notice, it is HEREBY RECOMMENDED that:

1.    This action proceed on plaintiff's amended complaint, filed February 2, 2007, against defendants Winett, Witcher, Meadors, McLaughlin, Parry, De La Torre, Moreno, Fortson, Parrilla, and Donnolly for denial of due process and retaliation; and

2.    Plaintiff's equal protection claim be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

///

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    July 24, 2007**                          _____/s/ Sandra M. Snyder_____
                                                          UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28