IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Perez,<br><br>           Plaintiff,<br><br>vs.<br><br>Jeanne Woodford, et al.,<br><br>           Defendants. | No. CV-1-06-610-PHX-MHM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment (Doc. 84), Motion for Extension of Time to File a Notice of Appeal (Doc. 85), and Application (Motion) to Shorten Time in the Resolution of Plaintiff's Motion for Reconsideration (Doc. 87).

Pursuant to Local Rule 78-230(k), Plaintiff seeks reconsideration of the Court's October 1, 2010 Order denying his Motion for Summary Judgment. A motion for reconsideration must include, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." See E.D. Cal. CIVLR 78-230(k). A review of Plaintiff's motion reveals that he merely disagrees with the Court's determination that a material issue of fact exists as to whether Plaintiff was afforded due process in his gang-validation

1 procedure and indeterminate placement in the prison's Special Housing Unit. Plaintiff
2 reiterates the same arguments that he presented in his original motion. A motion for
3 reconsideration cannot be used to ask the Court to rethink what the Court has already thought
4 through merely because a party disagrees with the Court's decision. See, e.g., Collins v. D.R.
5 Horton, Inc., 252 F. Supp.2d 936, 938 (D. Ariz. 2003) (citing United States v. Rezzonico, 32
6 F. Supp.2d 1112, 1116 (D. Ariz. 1998)). Such disagreements should be dealt with in the
7 normal appellate process, and not on a motion for reconsideration. See Database Am., Inc.
8 v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

9 The instant motion does not meet any of the narrow instances in which reconsideration
10 is appropriate. The moving party must show more than a mere disagreement with the Court's
11 decision; the Court should not grant a motion for reconsideration unless there is need to
12 correct a clear error or prevent manifest injustice. See, e.g., Database Am., Inc., 825 F. Supp.
13 at 1220; Refrigeration Sales Co., Inc. v. Mitchell-Jackson, 605 F. Supp. 6, 7 (N.D. Ill. 1983).
14 As such, the Court finds that Petitioner has failed to set forth sufficient grounds to cause the
15 Court to reconsider its October 1, 2010 Order.

16 Accordingly,

17 **IT IS ORDERED** granting Plaintiff's Application (Motion) to Shorten Time in the
18 Resolution of Plaintiff's Motion for Reconsideration. (Doc. 87)

19 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Reconsideration of
20 Order Denying Plaintiff's Motion for Summary Judgment. (Doc. 84)

21 **IT IS FURTHER ORDERED** granting Plaintiff's Motion for Extension of Time to
22 File a Notice of Appeal. (Doc. 85) Pursuant to Federal Rule of Appellate Procedure 4(a)(5),
23 the Court grants Plaintiff 30 days from the date of this order in which to file a notice of
24 appeal.

25 DATED this 12th day of November, 2010.

Mary H. Murgia
United States District Judge